Stephen K. Brunk, Esq. (Bar No. 53238)
LAW OFFICES OF STEPHEN K. BRUNK
6098 La Jolla Mesa
La Jolla, California 92037
Telephone: (619) 234-3300
Fax: (619) 234-3331

Attorney for defendant Bell Helicopter Textron Inc.

**FILED**
JUL 0 2 2012
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARDAS CALVIN JENNINGS,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>BELL HELICOPTER TEXTRON INC., et.al.<br><br>　　　　Defendants. | CASE NO. 12 CV 1 6 6 0 LAB NLS<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1442 (a)(1)**<br>[Federal Officer Removal Jurisdiction] |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that defendant Bell Helicopter Textron Inc. ("Bell") hereby removes to this Court the state court action described below.

　　　　1.　　On or about April 12, 2012, a "Complaint for Personal Injury -Asbestos" (the "complaint") was filed in the Superior Court of the State of California, County of San Diego, entitled <u>Mardas Calvin Jennings, et.al. v. Bell Helicopter Textron Inc., et.al.</u>, case no. 37-2012-00095181-CU-AS-CTL (the "State action"). In accordance with 28 U.S.C. § 1446 (a), copies of all the pleadings and papers served upon defendant Bell are attached as Exhibit A.

　　　　2.　　Defendant Bell was personally served with the complaint on June 15, 2012. This Notice of Removal is therefore timely under 28 U.S.C. § 1446(b).

/ / /

/ / /

## INTRADISTRICT ASSIGNMENT

3. Venue of this removed action is proper pursuant to 28 U.S.C. § 1442 (a) because this Court is the United States District Court for the district and division embracing the place wherein the removed action was pending.

## UNDERLYING FACTS

4. The complaint is an action for personal injuries to plaintiff as a result of his alleged exposure to asbestos. Exhibit A to the complaint details the circumstances of plaintiff's alleged exposure to asbestos, in part during the time that he was involved in aircraft maintenance while in the United States Navy between 1973 and 1997. During that time period, the only products manufactured by defendant Bell and in service with the United States Navy were variants of the Bell model UH-1 helicopter. Those helicopter models were manufactured and delivered by Bell to the United States, under the control and direction of Federal officers, pursuant to contracts and specifications mandated by the United States.

## JURISDICTION

5. The federal officer removal statute, 28 U.S.C. § 1442 (a)(1), provides a basis for removal jurisdiction over this civil action because at all times and for all events relevant, defendant Bell was an entity acting under an officer of the United States under color of such office. See, Winters v. Diamond Shamrock Chemical Co., 149 F.3d 387 (5th Cir. 1998), cert. denied, 526 U.S. 1034 (1999); Magnin v. Teledyne Continental Motors, 91 F.3d 1424 (11th Cir. 1996); Lopez v. Three Rivers Elec. Co-op, 166 F.R.D. 411, 412 (E.D. Mo. 1996); Jones v. Three Rivers Elec. Co-op, 166 F.R.D. 413, 414 (E.D. Mo. 1996). Furthermore, § 1442(a) authorizes such a removal without the consent of any other defendant. See, Ely Valley Mines, Inc. v. Hartford Accident & Indem. Co., 644 F.2d 1310, 1315 (9th Cir. 1981)("federal officer...can remove without other defendants joining in the petition, and the entire case is removed to the federal court.")

/ / /

/ / /

/ / /

## GROUNDS FOR REMOVAL

6. Plaintiff is apparently contending, among other things, that he suffered asbestos exposure while working on or around aircraft manufactured and supplied by defendant Bell. All products manufactured by defendant Bell and used in the United States Navy during the time of plaintiff's alleged exposure to them were delivered by defendant Bell under contract with the United States government and pursuant to precise military specifications over which the United States, and its officer/employees, had control. Those specifications called out every design detail and controlled the design and manufacture of those military products. Consequently, defendant Bell was "acting under" an officer of the United States when it designed and manufactured the military products in question. Those actions of defendant Bell, then, are inseparable from the pervasive government specifications, regulations, and oversight, and a clear nexus exists between defendant Bell's actions at the direction of the government and plaintiffs' claims for relief in the removed action.

7. The answer of defendant Bell, being filed separately and contemporaneously with the Notice of Removal, sets out as its First Affirmative Defense the "government contractor defense" articulated by the United States Supreme Court in <u>Boyle v. United Technologies, Inc.</u>, 487 U.S. 500 (1988) and the cases that have followed it, including <u>Kerstetter v. Pacific Scientific Co.</u>, 210 F.3d 431 (5th Cir. 2000), <u>Tate v. Boeing Helicopters</u>, 140 F.3d 654 (6th Cir. 1998), <u>Tate v. Boeing Helicopters</u>, 55 F.3d 1150 (6th Cir. 1995), <u>Harduvel v. General Dynamics Corp.</u>, 878 F.2d 1311 (11th Cir. 1989), and <u>Ramey v. Martin Baker Aircraft Co.</u>, 874 F.2d 946 (4th Cir. 1989). That defense is based upon the fact that it was the United States that controlled and approved the design of the military products at issue. Defendant Bell, then, has a "colorable" defenses under Federal law related to its claims of immunity to civil prosecution for actions that it was directed to take by Officers of the United States.

/ / /

/ / /

/ / /

**NOTICE GIVEN**

8. Pursuant to 28 U.S.C. § 1446(d), defendant Bell is serving this Notice of Removal on counsel for the plaintiff in the complaint and those defense counsel known to Bell who have entered appearances in the state court action and are filing a copy of this Notice with the Clerk of the Superior Court for the State of California, County of San Diego.

Dated: 7/2/12

*[signature]*

Stephen K. Brunk, attorney for defendant
Bell Helicopter Textron Inc.